UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE A. NOVAK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OCWEN FEDERAL BANK FSB,<br><br>　　　　Defendant. | Case Number 2008-cv-2528<br><br>Hon. Judge Harry D. Leinenweber<br><br>Magistrate Judge Arlander Keys |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, improperly named as Ocwen Federal Bank, FSB (hereinafter referred to as "Ocwen"), by and through its attorneys, Potestivo & Associates, P.C., and in response to the Complaint states as follows:

### PARTIES

1)　　The Plaintiff, DENISE A. NOVAK is a resident of the County of Cook and is the owner as tenants by the entirety of a certain property described as:

> Lots 37 and 38 in County Clerk's Division of that part of the Southeast ¼ of Section 17, Township 42 North, Range 13, East of the Third Principal Meridian lying West of the Chicago and Northwestern Railroad in Cook County, Illinois commonly known as 950 Westmoor Road, Winnetka, Illinois 60093. Permanent Index No. 05-17-412-004.

**ANSWER:** Ocwen admits that Plaintiff is owner of the property commonly known as 950 Westmoor Road, Winnetka, Illinois 60093 however Ocwen denies that the alleged legal description is correct and further states the correct legal description is as follows:

> Lot 3 in Morton's Subdivision of Lots 37 and 38 in County Clerk's Division of that part of the Southeast ¼ of Section 17, Township 42 North, Range 13, East of the Third Principal Meridian lying West of the Chicago and Northwestern Railroad in Cook County, Illinois.

Ocwen lacks sufficient knowledge or information to admit or deny the remainder of this paragraph but demands strict proof thereof.

2) That OCWEN FEDERAL BANK FSB is a federal savings bank chartered and regulated by the Office of Thrift Supervision pursuant to the Home Owners Loan Act, and it is licensed to and does transact business in the State of Illinois, County of Cook.

**ANSWER:** Ocwen denies this paragraph and further states that Ocwen Federal Bank FSB dissolved in July 2005. Ocwen further states that Ocwen Loan Servicing, LLC is the successor in interest to Ocwen Federal Bank, FSB's loan servicing operations. Ocwen admits that Ocwen Loan Servicing, LLC transacts business in the State of Illinois, County of Cook.

3) That venue and jurisdiction is proper in the State of Illinois, County of Cook as all events complained of herein occurred in Cook County.

**ANSWER:** Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

## ACTS COMMON TO THIS COMPLAINT

1) That on or about, October 8th, 2002, the parties hereto entered into a mortgage for the aforesaid property in the amount of $450,000.00 and said mortgage was recorded in the Cook County Recorder of Deeds Office on December 9th, 2002, as document #00213524289, said

2

mortgage being with Fidelity Mortgage Inc. but serviced by the Defendant, OCWEN FEDERAL BANK FSB.

**ANSWER:** Ocwen denies that part of this paragraph alleging the mortgage was recorded as document #00213524289 and further state the recorded mortgage attached to the Complaint was recorded as document #0021352428. Further, Ocwen denies that part of this paragraph alleging Ocwen Federal Bank, FSB serviced said mortgage and further states that Ocwen Federal Bank FSB did service the loan until dissolution of Ocwen Federal Bank, FSB and Ocwen Loan Servicing, LLC was the successor servicer for this loan. As to the remainder of this paragraph, Ocwen admits the mortgage is attached to the Complaint and speaks for itself.

2) That there existed in the State of Illinois a statute entitled High Risk Home Loan Act (815 ILCS 137/7).

**ANSWER:** Ocwen denies that part of this paragraph which states that the site of the High Risk Home Loan Act is 815 ILCS 137/7 and further state that there is no subsection 137/7. The correct site of the High Risk Home Loan Act 815 ILCS 137 et. seq. As to the remainder of this paragraph, no response is necessary as this paragraph pleads law and not fact.

3) That at all times complained of herein there existed in the State of Illinois a statute entitled Deceptive Practices, Consumer Fraud and Deceptive Practices Act 815 ILCS 505 et. seq.

**ANSWER:** Ocwen denies that part of this paragraph which states that 815 ILCS 505 et. seq. is entitled Deceptive Practices, Consumer Fraud and Deceptive Practices Act and further state that the correct title is Consumer Fraud and Deceptive Business Practices Act. As to the remainder of this paragraph, no response is necessary as this paragraph pleads law and not fact.

## LIABILITY

1) That due to circumstances beyond the control of the Plaintiff, the Plaintiff fell behind in mortgage payments in 2003.

**ANSWER:** Ocwen admits the allegations contained in this paragraph that Plaintiff was behind in mortgage payments in 2003. As to the remainder of this paragraph, Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

2) That the Plaintiff was able to gather the sums necessary to bring the mortgage current.

**ANSWER:** Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

3) That upon contacting the Defendant concerning bringing the mortgage current, the Plaintiff was advised that the Defendant would not accept the payment unless a foreclosure agreement was executed, thus, violating Plaintiff's right to bring the mortgage current.

**ANSWER:** Ocwen denies violating Plaintiff's right to bring the mortgage current. As to the remainder of this paragraph, Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

4) That in December of 2005, the Plaintiff fell behind in her mortgage payments.

**ANSWER:** Ocwen admits this paragraph to the extent that Plaintiff was behind in her mortgage payments in December of 2005 and further states that after reinstatement in November of 2003, Plaintiff was delinquent effective December of 2003 and has remained contractually delinquent since.

5) That Plaintiff paid approximately $12,000.00 but the Defendant OCWEN FEDERAL BANK FSB refused the payment unless the Plaintiff signed another forbearance agreement, again, violating Plaintiff's rights to bring the mortgage current.

**ANSWER:** Ocwen admits to receiving payment in the amount of $12,701.00 on January 9, 2007 however Ocwen further states that this amount was insufficient to reinstate the loan and therefore was properly refused as the mortgage loan had been accelerated pursuant to the default provision of the Mortgage contract and a foreclosure action was pending. Ocwen denies that part of this paragraph which alleges that Ocwen violated Plaintiff's rights to bring the mortgage current and further states that the amount received was insufficient to bring the mortgage current. Ocwen further states that a forbearance agreement was offered and refused.

6) Despite the efforts of the Plaintiff to bring her mortgage current, a mortgage foreclosure action was filed against the Plaintiff in case #04 CH 6262 by the alleged assignees of the Defendant.

**ANSWER:** Ocwen admits that part of this paragraph which alleges a mortgage foreclosure action was filed against Plaintiff in case #04 CH 6262. Ocwen denies that part of this paragraph which alleges the foreclosure action was brought by assignees of Ocwen and further states that the foreclosure action was brought by the current holder of the Mortgage Note and assignee of the Mortgage Contract, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Renaissance Home Equity Loan Asset-Backed Certificates, Series 2002-4. As to the remainder of this paragraph, Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

7) That in June of 2006, the Plaintiff sent OCWEN FEDERAL BANK FSB two checks to cover the mortgage payments. One check was in the amount of $8,100.00. The Defendant admitted receiving one check but not the other. The Defendant insisted on receiving a replacement check for $1,000.00, even though the Plaintiff faxed the Defendant 2 or 3 times, a copy of the cancelled check for $1,000.00.

5

**ANSWER:** Ocwen objects to paragraph as consisting of multiple separate allegations to which a singular response cannot be made. Therefore, Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

8) That the Defendant notified the Plaintiff not to send any more payments until the issue of the $1,000.00 check was resolved.

**ANSWER:** Ocwen denies this paragraph.

9) That it took the Defendant more than 5 months to resolve this issue. As a result a higher rate of interest was applied to the mortgage.

**ANSWER:** Ocwen denies the allegations contained in this paragraph and further states that upon presentation of a copy of the check at issue on January 3, 2007, Ocwen promptly applied said payment on January 5, 2007. Further, Ocwen states that the interest rate change was made pursuant to the mortgage contract and not as a result of the issue alleged in this paragraph.

10) That the Defendant has charged the Plaintiff for inspection fees, even though, no inspection was ever made of the property.

**ANSWER:** Ocwen denies that Plaintiff was charged inspection fees for inspections that had not been conducted. Further, as to the remainder of this paragraph, Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

11) That although most payments were made by the Plaintiff in a timely manner, the Defendant would often post the payments as being late resulting in late fees being charged to the Plaintiff.

**ANSWER:** Ocwen denies this paragraph.

12) That considering the Plaintiff's assets and earning capacity, this loan should not have been made.

**ANSWER:** Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

13) That as a direct and proximate conduct of the Defendant as set forth above the credit scores of the Plaintiff has been greatly reduced with the result that the Plaintiff has been unable to obtain other credit or to refinance this mortgage.

**ANSWER:** Ocwen lacks sufficient knowledge or information to admit or deny this paragraph but demands strict proof thereof.

14) That the conduct of the Defendant taken in its entirety constitutes deceptive business practices in violation of the Consumer Fraud and Deceptive Business Practices Act 815 ILCS § 505 et al.

**ANSWER:** Ocwen denies this paragraph.

WHEREFORE, Defendant, Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, improperly named as Ocwen Federal Bank, FSB prays that the Complaint by Plaintiff Denise A. Novak be dismissed with prejudice and prays for such other relief as the court may deem just and reasonable.

## AFFIRMATIVE DEFENSES

Ocwen for its affirmative defenses states as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff has failed to mitigate her damages.
3. Plaintiff's claims are barred by the doctrine of unclean hands.
4. Plaintiff's claims are barred by the Doctrine of Laches.
5. Plaintiff's claims are barred by the Doctrine of Estoppel.
6. Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.
7. Plaintiff's claims are barred by the Doctrine of Consent.

8.   Plaintiff's claims are barred by the Doctrine of Waiver.

9.   Plaintiff's claims are barred by the failure of a Condition Precedent.

10.  Plaintiff's claims are barred by the failure of a Condition Subsequent.

11.  Plaintiff's claims are barred by the Statute of Frauds.

12.  Plaintiff's claims are barred by the Parol Evidence Rule.

13.  Plaintiffs' claims are contrary to public policy.

14.  Plaintiffs' claims are barred by statute.

15.  Plaintiff's damages are the sole result of her or her spouse's own actions and/or breach of the mortgage contract.

16.  Ocwen reserves the right to amend its affirmative defenses pursuant to FRCP 15(a).

WHEREFORE, Defendant, Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, improperly named as Ocwen Federal Bank, FSB prays that the Complaint by Plaintiff Denise A. Novak be dismissed with prejudice and prays for such other relief as the court may deem just and reasonable.

Respectfully submitted,

Dated: May 7, 2008

By: /s/Amy A. Kalarickal
    One of its Attorneys

Potestivo & Associates, P.C.
Amy A. Kalarickal (ARDC #: 6291675)
134 North LaSalle Street, Suite 2050
Chicago, Illinois 60602
Telephone: (312) 263-0003 ext. 100
Main Fax: (312) 263-0002
Email: akalarickal@potestivolaw.com
Attorneys for Ocwen

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, do hereby certify that a true and correct copy of the foregoing, Answer and Affirmative Defenses, was served upon counsel of record through operation of the Court's ECF System on May 7, 2008:

**Counsel for Plaintiff**
Wayne Rhine, Esq. – wrhine@friedmanandwexler.com
Friedman & Wexler, LLC
Attorneys for Plaintiff
500 W Madison St., Suite 2910
Chicago, Illinois 60661

By: /s/Amy A. Kalarickal
One of its Attorneys

Potestivo & Associates, P.C.
Amy A. Kalarickal (ARDC #: 6291675)
134 N. LaSalle St., Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Fax: (312) 263-0002
Email: akalarickal@potestivolaw.com
Attorneys for Ocwen